UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YEGOR SARIBEKYAN,

          Petitioner,

    v.

CHRISTOPHER CHESTNUT

          Respondents.

No. 1:26-cv-01696-DJC-DMC

ORDER

Before the Court is a Petition for Writ of Habeas Corpus filed by a noncitizen who entered the United States in December 2024 and has been detained by Immigration and Customs Enforcement ("ICE") for fifteen months pursuant to 8 U.S.C. § 1225(b)(1). (*See* Habeas Petition ("Pet.") (ECF No. 1) ¶¶ 1, 4; Juarez Decl. (ECF No. 8) ¶ 5.) During this time, Petitioner has never received a bond hearing nor any other individualized assessment of whether he presents a risk of flight or danger to the community. (*See* Pet. ¶ 14.)

Petitioner raises claims similar to those this Court has already addressed. This Court has previously joined other district courts in concluding that the unreasonably prolonged detention of individuals such as Petitioner under section 1225(b) without a bond hearing can violate the Due Process Clause. *See Mohammed v. Warden of Cal.*

1

*City Det. Ctr.*, No. 1:26-cv-00118-DJC-CSK, 2026 WL 192368 (E.D. Cal. Jan. 26, 2026); *see also Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-00098-SAB, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) (explaining that "essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will – at some point – violate the right to due process[ ]'") (quoting *Martinez v. Clark*, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, No. 2:18-cv-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019)).

Petitioner argues that his fifteen-month detention without any individualized assessment violates the Due Process Clause. (Pet. ¶ 39.) To determine if Petitioner's due process rights have been violated, the Court must answer two questions: "the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025).

Petitioner has a clear liberty interest in securing his freedom from detention. "Freedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis,* 533 U.S. 678, 690 (2001). Petitioner was initially detained in December 2024 and has remained in custody for fifteen months. (Pet. ¶¶ 2,4.) On September 30, 2025, an Immigration Judge denied Petitioner's asylum application, granted withholding of removal but ordered Petitioner remained detained. (Pet. ¶ 60.) Petitioner timely appealed. (*Id.*) Therefore, Petitioner faces indefinitely prolonged detention while the administrative and potential judicial review of his asylum claim takes place. As Petitioner has been deprived of the liberty secured by the Due Process Clause and this deprivation will continue for a protracted and indefinite

period, Petitioner has established his liberty interest.  *See Zadvydas*, 533 U.S. at 690, 693.

Having established that Petitioner has a protected liberty interest, the Court must determine what process Petitioner is due under the Constitution.  Courts in this Circuit weigh the following factors to ascertain when prolonged detention violates the Due Process Clause: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal."  *Banda v. McAleenan,* 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019); *see, e.g., Sandesh v. LaRose,* No. 3:26-cv-00846-JES-DDL, 2026 WL 622690 (S.D. Cal. Mar. 5, 2026) (finding "it most appropriate to apply the *Banda* test to Petitioner's detention here under [section] 1225(b), as other courts within this district have done in the past" and collecting cases).

First, the "length of detention", which is "the most important factor," *Martinez*, 2019 WL 5968089, at *9, weighs in Petitioner's favor as Petitioner has been detained for fifteen months.  (Pet. ¶¶ 4,14.)  That length of time aligns with what other courts in this Circuit have found to be sufficiently prolonged to warrant relief.  *See Yagoub v. LaRose*, No. 3:26-cv-00914 JLS-JLB, 2026 WL 673799, at *2 (S.D. Cal. Mar. 10, 2026) (finding Petitioner's detention of "nearly eight months" without a bond hearing weighed in Petitioner's favor); *see also Amado v. United States Dep't of Just.*, No. 3:25-cv-02687-LL-DDL, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (explaining that "[c]ourts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable" and collecting cases).

The second factor also weighs in Petitioner's favor.  This factor requires consideration of "how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings including administrative and judicial appeals." *Martinez*, 2019 WL 5968089, at *9

3

(citation omitted).  Petitioner's appeal of the Immigration Judge's September 2025 decision remains pending.  (*See* Pet. ¶ 60.)  Further, either party may seek Ninth Circuit review of the Board of Immigration Appeals' ("BIA") decision.  Therefore, Petitioner faces indefinitely prolonged detention while administrative and potentially judicial appeals of his removal order are decided.  *Loba L.M. v. Andrews*, No. 1:25-cv-00611-JLT-SAB-HC, 2025 WL 2939178, at *6 (E.D. Cal. Oct. 16, 2025), *report and recommendation adopted*, No. 1:25-cv-00611-JLT-SAB, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025) (finding that "[a]lthough future events are difficult to predict, the Court nevertheless finds that the pending appeal before the BIA and possible remand to the immigration court for further proceedings or possible judicial review by the Ninth Circuit will be sufficiently lengthy such that this factor weighs in favor of Petitioner [ ]"); *Bojorge-Sequeira v. Geo Grp. Inc.*, No. 2:25-cv-01807-KKE-GJL, 2026 WL 288378, at *5 (W.D. Wash. Jan. 15, 2026), *report and recommendation adopted*, No. 2:25-cv-01807-KKE-GJL, 2026 WL 285657 (W.D. Wash. Feb. 3, 2026) (finding this factor weighed in favor of petitioner who had appealed the Immigration Judge's decision to the BIA).

Next, the Court considers the conditions of detention.  Here, Petitioner contends that he has suffered significant physical and mental health deterioration and that his confinement continues to cause serious harm.  (Pet. ¶ 13.)  However, he has not submitted evidence about the conditions of his confinement.  *See Djelassi v. ICE Field Off. Dir.*, 434 F. Supp. 3d 917, 931 (W.D. Wash. 2020) (finding the "third factor – conditions of the detention facility where Petitioner is detained – is neutral because the parties have not submitted any evidence regarding the conditions at the Northwest Detention Center.").  Thus, this factor is neutral.

The fourth *Banda* factor involves the delay attributed to the Petitioner.  Here, the Petitioner is pursuing an appeal in his asylum case.  (Pet. ¶ 60.)  Additionally, the record indicates that Petitioner requested at least a few of the continuances that were present in this case for case management reasons.  (*See* Juarez Decl. ¶ 7.)  There was

also one urgent request by Petitioner's Counsel to continue the individual merits hearing, but he subsequently sought to advance the hearing to an earlier date.  (*See* Juarez Decl. ¶ 9.)  As there is no allegation or appearance of bad faith, the Court finds that these actions do not significantly weigh against Petitioner.  *See Masood v. Barr*, No. 3:19-cv-7623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2022) (explaining that a BIA appeal is a "perfectly legitimate" proceeding); *see also Martinez*, 2019 WL 5968089, at *10 (distinguishing between "legitimate defenses" to removal, which "cannot undermine [a petitioner's] claim that detention has become unreasonable" and "dilatory" or "bad faith" tactics to "deliberately slow the proceedings.").

Under the fifth *Banda* factor, the Court considers the delay in the removal proceedings caused by the Respondents.  Here, Petitioner alleges that the day before Petitioner was set to appear at his individual merits hearing, DHS transferred Petitioner to a different detention facility.  (Pet. ¶ 36.)  At the hearing, which Petitioner's counsel attended, DHS could not explain why Petitioner was suddenly transferred nor why he was not allowed the opportunity to appear remotely.  (*Id.*) Petitioner's next individual hearing is set for March 26, 2026.  (*Id.* ¶ 38.)  Thus, this factor weighs slightly against Respondents.

Finally, the Court lacks sufficient information to assess the likelihood that Petitioner's removal proceedings will result in a final order of removal and therefore declines to do so.  *See Sarr v. Scott*, 765 F. Supp. 3d 1091, 1109 (W.D. Wash. 2025) (declining to speculate as to the merits of Petitioner's appeal to the Ninth Circuit after the Immigration Judge and the BIA found Petitioner removable).

In sum, four of the *Banda* factors, including the most important one, weigh in favor of Petitioner while one remains neutral.  Having established Petitioner has a liberty interest and determined that his prolonged and indefinite detention entitles him to process, the Court grants Petitioner a bond hearing.

////

////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count I.[1]

2.  Within seven (7) days of this Order, Petitioner shall be afforded a constitutionally adequate bond hearing before an Immigration Judge.  At this hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have counsel present.[2] In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the Immigration Judge should consider Petitioner's financial circumstances and alternative conditions of release.  *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3.  The Clerk of Court is directed to close the case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **March 19, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – SARIBEKYAN26cv01696.merits_v1

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

[2] This burden of proof has been regularly applied by courts reviewing similar cases, and the Court adopts the views of those courts here.  *See, e.g.*, *Pablo Sequen v. Albarran*, --- F.Supp.3d ----, 2025 WL 2935630, at *13–14 (N.D. Cal. Oct. 14, 2025); *Martinez Hernandez v. Andrews*, No. 1:25-cv-01035-JLT-HBK, 2025 WL 2495767, at *13–14 (E.D. Cal. Aug. 28, 2025); *Castellon v. Kaiser*, No. 1:25-cv-00968-JLT-EPG. 2025 WL 2373425, at *11–12 (E.D. Cal. Aug. 14, 2025).